UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LUIS ESPINOZA, | |
| Plaintiff, | Case No. 2:11-CV-01555-KJD-RJJ |
| v. | **ORDER** |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

Before the Court is Plaintiff Luis Espinoza's Motion to Remand (#8). Defendant United Parcel Service ("UPS") has filed an opposition (#12).

Also before the Court is UPS's unopposed Motion for Leave to File Amended Notice of Removal and Removal Statement (#11).

I. Background

On July 27, 2011, Plaintiff filed his Complaint in the Eighth Judicial District Court of Clark County, Nevada alleging retaliation in violation of Nevada Revised Statute § 613.330 (Count I); negligent training (Count II); and injunctive and declaratory relief (Count III). UPS timely filed its Notice of Removal (#1) on September 28, 2011 pursuant to 28 U.S.C. §§ 1441 and 1446, based upon diversity of citizenship in accordance with 28 U.S.C. § 1332. UPS seeks leave to amend its removal

statement to argue that jurisdiction is also appropriate in accordance with 28 U.S.C. § 1331 under the Labor Management Relations Act, 29 U.S.C. § 185(a).

II. Discussion

  A. Federal Question Jurisdiction: 28 U.S.C. § 1331

  A case may be removed to federal court if the action arises under federal law. See 28 U.S.C. § 1331; 28 U.S.C. § 1441. Defendant UPS argues that this Court may exercise federal question jurisdiction over Plaintiff's complaint pursuant to section 301 of the Labor Management Relations Act ("LMRA").

  Under section 301, federal courts are authorized to exercise jurisdiction over cases involving Collective Bargaining Agreements ("CBAs") in order to develop a federal common law of CBA interpretation. Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 689 (9th Cir.2001) (citing Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 451 (1957)).  However, the exercise of jurisdiction under section 301 is not appropriate unless the court would be required to "interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Id. at 693. A defendant bears the burden of proving that a CBA would need to be interpreted in a particular action. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992).

  As an initial matter, Plaintiff has failed to provide points and authorities in opposition to Defendant's argument that the Court has federal question jurisdiction under section 301 of the LMRA.  Failure to provide points and authorities in opposition to UPS's argument is grounds for denial of the motion. See Local Rule 7-2.  Further, good cause exists to deny the Motion to Remand because Plaintiff's claims implicate various provisions of the CBA between UPS and the Teamsters Union that are reasonably related to the dispute.  In the Charge of Discrimination which is cited in the Complaint, Plaintiff claims that UPS unjustly reduced his pay, subjected him to unwarranted blood and alcohol testing, as well as "different terms and conditions of employment by attempting to lay me off when I transferred to another position in violation of the collective bargaining agreement."

Determination of the issues raised in this matter will likely require interpretation of the CBA. Accordingly, the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Plaintiff Luis Espinoza's Motion to Remand (#8) is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant UPS's Motion for Leave to File Amended Notice of Removal and Removal Statement (#11) is **GRANTED**.

DATED this 16th day of April 2012.

_____
Kent J. Dawson
United States District Judge